## Woodman *against* Good.

A testator's declarations of intention in his lifetime as to the relative powers of those beneficially entitled under a trust created by his will, are inadmissible in an action for waste by the trustee against the equitable tenant for life.

An equitable tenant for life is liable to an action of waste at the suit of the trustee-in-fee of the legal estate.

In such suit, the plaintiff need not name himself trustee.

ERROR to the Common Pleas of *Bucks* county.

This was an action on the case for waste brought by John Good Jr, against Henry Woodman and Mary his wife, late Mary Smith. The declaration set forth that Henry Woodman and Mary his wife on, &c. was and still are seised and held and enjoyed divers, &c. acres of land, with the appurtenances, situate, &c. in their demesne as of freehold in right of the said Mary, the remainder thereof after the death of the said Mary, during all the time aforesaid belonging to the said John Good Jr. Nevertheless the defendants, &c. 50 white-oak trees, &c. on the lands and premises aforesaid, then and there standing, &c. did waste, cut down, destroy, take and carry away, to the damage of the plaintiff, &c. The narr. also contained a common count for trover and conversion.

The amended declaration complained that whereas Benjamin Smith by his last will devised *inter alia* as follows, &c. and whereas Woodman and wife, &c. were and still are seised and held and enjoyed the aforesaid lands, &c. in her demesne as of freehold, and the said Henry in right of the said Mary, the remainder thereof after the death of the said Mary during all the time aforesaid belonging to the said J. Good, Jun. in trust as aforesaid. Nevertheless, &c.

The plaintiff read the following clause in the will of B. Smith: "I give and devise to John Good, Jun. and to his heirs and assigns for ever, all that mansion and part of my plantation whereon I now reside: In trust nevertheless to and for the following uses, intents and purposes, and for no other uses, intents or purposes whatsoever, that is to say: In trust that my said daughter Mary, the wife of Henry Woodman, shall receive, have and hold, to and for her sole and separate use and benefit, the possession and all the rents, issues and profits of the said lands and premises with the appurtenances during all the term of her natural life, free from the control, debts or engagements of her present or any future husband, and from and immediately after the decease of my said daughter Mary, then upon trust, that he shall assign, transfer, set over and surrender the real estate aforesaid to the children of my

VI. — 22          P

[Woodman v. Good.]

said daughter Mary share and share alike in fee, subject nevertheless to the privileges of my said wife and the payment of the annuities aforesaid to and for her use, and to the payment of my funeral expenses."

The plaintiff proved by witnesses that Woodman and wife had been in possession of the tract in question since the death of Smith in 1841. Woodman managed and farmed or let the whole tract, consisting of about 120 acres, of which about 30 were wood-land. In March 1841, Woodman advertised a public sale of about 6 acres of the standing timber, and sold 19 or 20 quarter-acre lots to different purchasers, from which the timber was cut and removed during the spring and summer. The sale amounted to $130. The timber was white-oak, black-oak, hickory, &c., improving timber and suitable for posts and rails. He declared his object in selling was that he might purchase property elsewhere. The timber on the farm before the sale was not more than sufficient, though there was a larger proportion of it than on many farms in the neighbourhood. Wood-land was more valuable than cleared land in that part of the country. The cutting of the timber was an *injury* to the children, and diminished the value of the property by the value of the timber, say from $20 to $25 per acre. It was also proved Mrs. Woodman had six children.

The defendants then offered to prove by a witness that Smith, shortly before his death, directed Woodman to clear the timber from off the land on which the timber was cut. The court rejected this offer on the ground that conversations between the witness and the testator could not change the nature of the grant; and sealed an exception.

The defendants further offered to prove that after the date of the will, the testator gave directions to Woodman to clear the wood off this five acres of land. The court rejected this evidence, and the defendants excepted.

They then offered to prove that the testator, before and after the date of the will, directed Woodman to clear the wood off the five acres now in dispute; that he directed individuals who came to him, to buy wood from this lot; that he gave as a reason for wishing it cleared, that it was not improving, that he had more wood than was necessary for the use of the farm, and that the lot was in an exposed situation. This testimony was also rejected, and a bill sealed.

The defendants' witnesses testified that the timber on the tract in question was poor timber, not fit for posts and rails, and the land was constantly getting poorer by the leaves being blown off. That the cutting of the timber was an advantage to the lot, which, in a few years, if well tilled, would become more valuable as arable than as wood-land. The farm still contained more woodland than generally neighbouring farms of the same size. It was important to clear the land and sell the timber, to educate the children. It

[Woodman v. Good.]

would have been to the advantage of an owner to cut and sell the timber and raise grain, though the land would sell for less without the timber than with it.

The court charged the jury as follows:

This is an action on the case for waste, a suit not often in use in Pennsylvania. There are, no doubt, many cases of wrong in which it is a proper remedy. Waste is a destruction or spoil in houses, gardens, trees, or other corporeal hereditaments, to the disherison of him that hath the remainder or reversion in fee-simple or fee-tail. It is a well-settled principle, that whatever is a lasting damage to the freehold or inheritance, is waste. To convert wood, meadow or pastures into wood-land, or to turn arable or wood-land into meadow or pasture, may be waste, where it is an injury to those who have the remainder-in-fee. We take it that the tenant for life in Pennsylvania may clear land, when a sufficient quantity of timber-land is left for the use of the place, having regard to the relative proportion of cleared land; and we adopt the rule of sound sense which pervades our books, that the governing inquiry for the jury is, was the act complained of an actual injury to the inheritance? A devise to A. for life of a tract of wood-land, remainder to the children of A. in fee; the law was so held that if A. could not clear a considerable portion of the land, the devise would be an injury instead of a benefit, and might be a loss to those in remainder. You may at this day, in some part of the State, purchase a good tract of unseated land for $2 per acre. Every acre of that land, to clear and fence, will cost from $8 to $12. When one-half is cleared, and cheap buildings are erected, it will be worth $20 an acre. But it is not so in Bucks county. Here it is proved and admitted wood-land is more valuable than any other land. The timber sells from $40 to $50 an acre, according to its quality, and the purchaser removes it. In the West you have to pay more than the land costs to remove the timber. We say, then, the true inquiry in each case is, is the act complained of an actual injury to the inheritance? If it is so found, then the proper plaintiff is entitled to damages.

The defendants ask us to instruct you—

1. That this suit cannot be sustained, because it has been brought personally, and not in the character of trustee.

6. That the trust committed to J. Good by the will of B. Smith is merely a naked trust, and does not authorize him to preserve the inheritance from waste.

On these points the court refuse to instruct you as desired. To bring before the jury the inquiry whether waste and injury to the inheritance has been committed, we instruct you, if you find a material and actual injury has been done to the children of Mary Woodman, to their inheritance, this action can be maintained.

2. That the declaration alleges that Henry Woodman and Mary his wife, defendants in this case, are seised of freehold of the pro-

[Woodman v. Good.]

perty in dispute; whereas the said Henry has no interest in the property.

3. That the declaration alleges the plaintiff is seised in fee in his own right, and not as trustee; whereas it ought to be alleged that he was seised in fee simple as trustee.

Objection was made to the declaration early in this cause, and the court then said they would give the plaintiff leave to amend it in accordance with his title as trustee. We treat the case as if all proper and necessary amendments were made in the declaration.

4. That unless the wood has been cut in such manner as to materially injure the inheritance, it is not waste.

5. To what extent wood or timber may be cut down without waste, is a question of fact for the jury.

The court accede to these propositions.

You have heard the evidence as to the quantity of wood on this tract. Does it not show the plantation contains from 112 to 120 acres? After these 5 acres are cut, there are still not less than 24 to 25 acres of better wood-land left, besides the Indian field, on which some timber is growing. Now although timber-land is more valuable in Bucks county than arable land, still, I think, in a case like the present, and so instruct you, that if you find there was more than a necessary quantity of wood-land in this tract, although the wood-land was more valuable than the arable land, the tenant for life would have a right to clear for the purpose of raising bread and supporting the family. Suppose the whole tract was wood-land, devised, as in this case, to a daughter with a family of children, to her for life and the children in fee, she could not support herself and children on the timber if she preserved it. She and her children must have bread. The children must have clothing and education, bread and raiment. She may clear land and cut timber for that purpose, reserving a proper proportion of timber for the farm. We thus reduce this case to an inquiry, was a proper proportion of timber left for the use of the plantation? Was the destruction of the timber on the 5 acres, under all the evidence, an injury to those in remainder? If you so find, then the plaintiff will be entitled to your verdict. But if you find such quantity is left for the use of the place as is a just proportion to the whole tract; if the cutting of the timber was essential to the enjoyment of the plantation, the life estate, and no material injury was done to those in remainder, then your verdict should be for the defendants.

The defendants excepted to the charge. A verdict was rendered for the plaintiffs.

Errors assigned:

1. The court erred in rejecting the testimony embraced in the bills of exception.

[Woodman v. Good.]

2. In their answers to the 1st and 6th, and also to the 2d and 3d points of the defendants.

*Roberts,* for the plaintiffs in error.

The testimony offered was not to change the devise but to show that waste had not been committed, because the testator, after the execution of the will, directed the wood in question to be cut. This was a fact collateral to the will, and parol evidence was therefore admissible. Declarations made in relation to land by persons whilst owners of it, are admissible. 2 *Stark. Ev.* 570; *Strickler* v. *Todd,* (10 *Serg. & Rawle* 73).

The trustee cannot sue for waste. He has the legal estate only during the life of the *cestui que trust,* at best, and not even then, for he is only trustee for a particular purpose, to preserve the wife's separate estate and prevent the husband's creditors from coming upon it; and after the wife's death, the remainder is instantly executed in the children. *Lew. Trusts* 234, 237; *Fletcher Trusts* 51; *Kerlin's Lessee* v. *Bull,* (1 *Dall.* 177); *Kinsey* v. *Lardner,* (15 *Serg. & Rawle* 196). .

The declaration does not mention the interest of the plaintiff and defendant correctly. The defendant had no interest in the estate; he was not seised of a freehold in right of his wife. The husband cannot be tenant by the curtesy of his wife's separate estate. *Cochran* v. *O'Hern,* (4 *Watts & Serg.* 95). The wife is not chargeable with waste, as she is bound to maintain the children, and there is no clause prohibiting her from committing waste.

*Chapman,* contra. The evidence offered conflicts with the will and tends to vest the defendant with a control over the property beyond what is given by the devise. The opinion of the testator or his design to cut the timber himself is not material in the present issue. The defendant holds in an entirely different right from that of the testator.

(He was here stopped by the court.)

PER CURIAM.—The trust in this case has been created by will; and the testator's declarations of intention in his lifetime, as to the relative powers of those beneficially entitled, were, of course, properly excluded.

A more novel question is whether an equitable tenant for life is liable to an action of waste at the suit of the trustee. In England he might be restrained by injunction, but our direct equity powers do not extend so far; yet surely an equitable tenant for life may not commit waste with impunity. And to whom is he answerable, in an action at law, but to him who has the legal title, and whose office it is to preserve the inheritance for those in remainder? It is objected that he has not named himself trustee in his declaration. But what of that? He sues as the legal owner of the land; and

[Woodman v. Good.]

a court of law has nothing to do with equitable titles in the pleadings. He sues for the use of those in remainder; and though the trust may or may not be marked on the record, it is no part of the title. The children in remainder, whose estate has been injured, are the beneficial plaintiffs, and he will hold the money recovered for them. As to the variance in the declaration as to the alleged seisin of the husband of the equitable tenant for life, who is said to have no interest in the land, it is enough to say we are not bound to let a technicality of the sort stand in the way of an equitable action, which is the creature of necessity.

Judgment affirmed.